**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                               :
                                                                    :       Chapter 7
JOHN VINCENT BIVONA,                                                :
                                                                    :       Case No. 16-12961 (SCC)
                                          Debtor.                   :
---------------------------------------------------------------x

**STIPULATION AND ORDER EXTENDING TRUSTEE'S TIME TO
ASSERT CLAIMS AND CAUSES OF ACTION AGAINST ANNE BIVONA**

This stipulation (the "Stipulation") is made and entered into by and between Gregory Messer (the "Trustee"), in his capacity as chapter 7 trustee of the estate of John Vincent Bivona, the above-captioned debtor (the "Debtor"), and Anne Bivona ("Ms. Bivona" and together with the Trustee, the "Parties" or each a "Party"), as follows:

**RECITALS**

A.  On October 21, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

B.  On the Petition Date, Gregory Messer was appointed as interim trustee of the Debtor's estate, and he has since qualified and is currently serving as permanent trustee herein.

C.  The Trustee is investigating whether certain claims, including but not limited to claims and causes of action that exist under Chapter 5 of the Bankruptcy Code, under the common law of the State of New York, or under other relevant law including under the New York Debtor and Creditor Law and the Uniform Commercial Code (collectively, the "Potential Claims"), may exist against Ms. Bivona.

D.  The deadline under section 546(a) of the Bankruptcy Code by which the Trustee must assert certain, but potentially not all, of the Potential Claims is October 21, 2018 (the "Deadline").

E.      The Trustee and Ms. Bivona intend to engage in discussions regarding the Potential Claims, but will be unable to do so before the Deadline expires. The Parties wish to voluntarily extend the Deadline to avoid, if possible, the commencement of litigation if the Potential Claims can be resolved consensually.

## AGREEMENT

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.      <u>Recitals Incorporated.</u> The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2.      <u>Tolling</u>. The Deadline is hereby extended from October 21, 2018 through and including January 18, 2019 (the "<u>Tolling Period</u>").

3.      <u>Defenses Limitation</u>. Any and all applicable statutes of limitations, statutes of repose, the equitable doctrine of laches, and any other time-related defense or rule that is premised upon delay in filing, notifying or in taking any action (collectively, "<u>Limitations Defenses</u>") to prosecute the Potential Claims, and any defense and/or counterclaims of the Debtor or Trustee specifically related to these time-related deadlines (collectively, the "<u>Defenses</u>"), shall be waived and tolled during the Tolling Period and the Tolling Period shall not be used in calculating any Limitations Defenses applicable to the Potential Claims and the Defenses.

4.      <u>Preservation of Rights</u>. Except as specifically provided herein, the rights, obligations, positions, claims and defenses of the Parties hereto shall in no way be affected by this Stipulation and such rights, obligations, positions, claims and defenses are specifically

reserved.  The execution of this Stipulation, and/or anything contained herein shall not operate as an admission of liability or responsibility by the parties hereto and shall not be so construed, nor shall this Stipulation be used as evidence in any action or proceeding for any purpose other than the enforcement of the terms hereof.  No independent claim or cause of action shall be created by this Stipulation; provided, however, that nothing contained in this Stipulation, including the foregoing provisions of this sentence, shall act in any way to limit or diminish the right of any Party to this Stipulation to seek to enforce this Stipulation.

5. Entire Agreement/No Oral Modification.  The Parties represent that this Stipulation constitutes the entire agreement among them in this matter and that this Stipulation may not be changed, modified or altered in any way or manner, except in writing, signed by the party against which such change, modification or alteration is sought to be enforced.

6. Execution of Counterparts.  This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

7. Bankruptcy Court Jurisdiction/Choice of Law.  The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.  This Stipulation shall be governed by the laws of the State of New York.

8. No Waiver.  No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

9. <u>Severability.</u> The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

10. <u>Representations of Authority.</u> The persons signing below each represents and warrants that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she so signs. The undersigned counsel, each represent that they have the full power and authority necessary to bind their respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

11. <u>Costs.</u> Each party to this Stipulation shall bear its own attorneys' fees and costs.

| | |
|---|---|
| Dated: Longboat Key, Florida<br>October 17, 2018 | Dated: New York, New York<br>October 18, 2018 |
| **ANNE BIVONA** | **KLESTADT & WINTERS JURELLER SOUTHARD & STEVENS, LLP** |
| By: */s/ Anne Bivona*<br>Anne Bivona<br>3437 Winding Oaks Drive<br>Longboat Key, FL. 34228 | By: */s/ Christopher Reilly*<br>Fred Stevens<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br>Email: fstevens@klestadt.com<br>        creilly@klestadt.com<br><br>*Counsel to Gregory M. Messer, Chapter 7 Trustee* |

4

**"SO ORDERED"**

Dated:   New York, New York
         October 18, 2018

                                                /S/ Shelley C. Chapman
                                                HONORABLE SHELLEY C. CHAPMAN
                                                UNITED STATES BANKRUPTCY JUDGE